UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ISAIAH BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00346-JAW |
| | ) | |
| COREY GOODCHILD, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff, who is in custody at the Kennebec County Correctional Facility, seeks to recover monetary damages from various jail officials and the Kennebec County Correctional Facility primarily based on his housing assignment, including his placement in disciplinary segregation. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed a motion to proceed without prepayment of fees and costs (ECF No. 2), which motion the Court granted. (Order, ECF No. 3.) In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

## LEGAL STANDARD

28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented

plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## FACTUAL BACKGROUND

Plaintiff alleges the following:

> I finished eating my lunch tray and was waiting for C.O. St. Pierre to retrieve them after he acknowledged he would. He tried leaving the trays in my pod so I slid them off the trashcan onto the floor. After me and another inmate explained his negligence I was placed in segregation and re-housed. Upon grievances, after recreation I found I was no longer eligible for an appeal. Sgt. LaChance is head of tech.
>
> I was segregated with no real notary as to why, my housing was manipulated, as well my rights being manipulated along with my right to grieve.

(Complaint at 3.)

## DISCUSSION

First, Plaintiff's allegations regarding the manipulation of his housing and his "rights" are reasonably viewed as conclusory. That is, Plaintiff has not alleged any facts to support his apparent contention that Defendants' conduct regarding his housing assignment, or his "rights" was unlawful. Plaintiff's conclusory assertions are insufficient to state an actionable claim. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard."). The Federal Rules of Civil Procedure "demand[] more than

3

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

In addition, Plaintiff's allegations regarding his placement in segregation are also insufficient to support a claim. The Fourteenth Amendment provides that states cannot "deprive any person of life, liberty, or property, without due process of law," U.S. Const. Amend. XIV, but because "imprisonment carries with it the circumscription or loss of many significant rights," *Hudson v. Palmer*, 468 U.S. 517, 524 (1984), prisoners only have a protected liberty interest from state rules and procedures against transfer or assignment if the new conditions of confinement "constitutes an atypical and significant hardship relative to the ordinary incidents of prison life." *Perry v. Spencer*, 94 F.4th 136, 147 (1st Cir. 2024) (internal quotation marks omitted) (discussing *Sandin v. Conner*, 515 U.S. 472 (1995) and *Wilkinson v. Austin*, 545 U.S. 209 (2005)).

Plaintiff's due process claim fails because he does not allege any facts that would support a finding that his placement in segregation constitutes an atypical and significant hardship, and courts have required periods of segregation of some duration before recognizing a protected liberty interest based on duration alone. *See Sandin*, 515 U.S. at 476–77 (finding no liberty interest from thirty days in disciplinary segregation); *Wilkinson*, 545 U.S. at 214 (finding a protected liberty interest against indefinite supermax segregated assignment); *Perry*, 94 F.4th at 160 (finding a protected liberty interest against "a duration of solitary confinement of more than ninety days" without a hearing based on the prison system, regulations, and state law in Massachusetts). Here, Plaintiff does not allege the

4

length of his time in segregation nor any other facts that would support a finding that he had a protected liberty interest that was violated.

## CONCLUSION

A review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A reveals that Plaintiff has not alleged an actionable claim. Accordingly, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of October, 2025.